IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JESSIE LONG,

    Plaintiff,

v.                                  CASE NO. 1:19-cv-10-MW-GRJ

SHERIFF SADIE
DARNELL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Alachua County Jail, initiated this lawsuit on January 18, 2019, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. On February 4, the Court ordered Plaintiff to file an amended complaint and to submit a properly completed motion for leave to proceed *in forma pauperis* or pay the $400.00 filing fee by March 4. ECF No. 4. In the order, the Court also admonished Plaintiff that the failure to comply with the order within the allotted time will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to follow a Court order. *Id.* at 5.

After March 4 passed without Plaintiff filing an amended complaint and either paying the filing fee or submitting a properly completed motion

1

for leave to proceed as a pauper, the Court ordered Plaintiff to show cause by April 12 as to why this case should not be dismissed for failure to comply with an order of the Court and for failure to prosecute. ECF No. 5. In the show-cause order, the Court again admonished Plaintiff that the failure to comply with the show-cause order within the allotted time will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to follow a Court order. *Id.* at 1.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

The Court allowed Plaintiff numerous opportunities to amend his complaint to state a claim for relief and to pay the requisite filing fee or move to proceed *in forma pauperis*. Despite clear directives from the Court,

Plaintiff has failed to comply with the Court's order and has failed to prosecute his case.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

**IN CHAMBERS** this 26th day of April 2019.

<u>*s/ Gary R. Jones*</u>
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**